UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY NELSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:09CV00225 ERW |
| ) | |
| GARY STOLZER, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER AND MEMORANDUM**

This matter is before the Court upon the application of Timothy Nelson for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the

complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff, a civil detainee under Missouri's Sexually Violent Predator Act (SVPA), Mo. Rev. Stat. §§ 632.480 - 513, seeks monetary and injunctive relief in this action brought pursuant to 28 U.S.C. § 1983. The named defendants are Gary Stolzer, Timothy Inman, Albert Fultz, Joe Parks, Rikki Wright, Patty Henry, Keith Schafer, and Phillip McClendon. Plaintiff claims that, in violation of Missouri law and a state-court order, he was illegally transferred from the Missouri Sexual Offender Treatment Center ("MSOTC") to the Ste. Genevieve County Detention Center. Plaintiff claims "he has been kidnapped under the color of state law" and that his present confinement is punitive because civil detainees are "treated like inmates." He asks this Court to "forbid the use of county jails for the purpose of detaining persons awaiting involuntary civil commitment proceedings" and "have him placed in the Dept. of Mental Health."

**Discussion**

Having carefully considered plaintiff's claims, the Court concludes that the instant action is legally frivolous. Plaintiff's allegations simply do not rise to the level of a constitutional deprivation and are legally insufficient to establish a denial of rights secured under the Constitution or laws of the United States. See Bagley v. Rogerson, 5 F.3d 325 (8th Cir. 1993) (allegation of state law violation, statutory or decisional, does not, in itself, state claim under federal Constitution or § 1983). Moreover, Missouri Revised Statute § 632.489.1 specifically authorizes the transfer of a

2

sexually violent predator "to an appropriate secure facility, including, but not limited to, a county jail." Last, plaintiff's conclusory allegations that his confinement in the county jail is punitive or otherwise violative of his constitutional rights fail to state a claim upon which relief can be granted.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's motion for injunctive relief [Doc. #3] is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order of dismissal shall accompany this order and memorandum.

So Ordered this 4th Day of March, 2009.

_____
**E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE**